IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

United States of America,

    Plaintiff,

vs.                                                        Case No. 2:22CR00238-001
                                                           Honorable Judge Morrison

Matthew Reif,

    Defendant.

**Sentencing Memorandum for Defendant Matthew Reif**

       On July 11, 2023 Matthew Reif, will come before this court for sentencing, having plead guilty to the three counts detailed in the Plea agreement dated December 6, 2022 on January 24, 2023. In the Final Presentence Investigation Report, filed April 17, 2023, the United States Probation Department calculated a Total Offense Level of 43 and a Criminal History Category of I, resulting in a guideline provision sentencing range of 840 months of imprisonment.  The United States Probation Department has reported there exist no outstanding objections to the Probation Department's application of the advisory Federal Sentencing Guidelines.  The binding plea agreement between the parties recommends a sentence of 300 to 360 months imprisonment to be followed by a fifteen-year term of supervised release.  Mr. Reif maintains, for the reasons set forth below, that it would be appropriate for the Court to impose a term of 300 months of imprisonment to be followed by a fifteen-year term of supervised release.

                                                         Respectfully submitted,

                                                         /s/
                                                         Andrew T. Sanderson
                                                         Ohio Supreme Court #0066327
                                                         Burkett & Sanderson, Inc.
                                                         73 North Sixth Street
                                                         Newark, Ohio  43055
                                                         Attorney for Matthew Reif

**Memorandum in Support**

Mr. Matthew Reif is a twenty-seven-year-old male from a dysfunctional family background. He has struggled throughout his life to overcome the cards dealt to him by the circumstances of his birth. He is asking this Court to impose a sentence that will exact a severe penalty in this case and protect the public from him for the next twenty-five years to be followed by an additional terms of fifteen years ongoing supervision. He will be a lifetime sex offender registrant and will have limitations place on nearly every aspect of his life until he dies. Such a severe sentence is appropriate for the conduct at issue in this case and consistent with the principles and purposes of the Federal Sentencing Guidelines and the binding plea agreement between the parties.

Mr. Reif has admitted to committing offenses wholly inconsistent with the majority of his life. He has been an employed and productive member of society with no prior convictions as a Juvenile or Adult offender. His criminal history score is zero. Prior to these allegations, he had never spent any time in jail and had never before been arrested. His only contact with law enforcement was for speeding tickets. He is now expecting to spend decades in prison. In light of this, it must be said that Mr. Reif has absorbed the deterrent effect of criminal punishment and that his behavior will not repeat.

Mr. Reif's choices are rooted in the psychological impact of his upbringing. Mr. Reif's biological parents both have passed away. His birth father died suffering from homelessness and mental illness. Children's Services records show sexual abuse, mental illness and substance abuse in Mr. Reif's childhood home. Mr. Reif's father was court ordered to leave the family home and Mr. Reif's birth mother struggled to appropriately protect her children. All of this resulted in the children being removed from the home

and moving through a series of foster residences.  During this time, Mr. Reif was subjected to repeated instances of sexual abuse from age six to age nine.  These adverse childhood experiences are well documented and impact of the same on the later life of Mr. Reif cannot be understated. While not an excuse for his behavior, Mr. Reif's childhood does provide some context for how an otherwise law-abiding man engages in the conduct now before the Court.  Mr. Reif had no positive role-models growing up and all of the "adults" in the room were either abusing him and his siblings or failing in their duty to protect them from others.  It is not surprising that such an environment had a lasting and negative impact on Mr. Reif.

As of this writing, Mr. Reif has already been incarcerated for nearly one year on these charges.  He been severely beaten by fellow inmates and subject to near solitary confinement to ensure his safety.  He will be subjected to danger throughout his term of imprisonment and, frankly, is physically unable to defend himself.  For the majority of the time since his arrest, Mr. Reif has been incarcerated at the Jackson Pike facility of the Franklin County Jail.  This Court is likely familiar with the conditions of the Jackson Pike facility.  The jail is notorious – even among jails – for poor air quality, cleanliness, overcrowding and inmate violence.  There are no outside facilities for exercise and the facility is meters away from the Columbus Metropolitan Jackson Pike Sewage Treatment Plant.  These normally poor conditions have been exacerbated by Mr. Reif's charges and physical stature.  Mr. Reif's pretrial detention has been a greater punishment to him than that faced by nearly any other similarly charged offender.  The nature of this pretrial incarceration is a mitigating factor that should be considered by this Honorable Court.  After his plea, Mr. Reif was moved to the CCNO jail where he is currently housed.

Mr. Reif will never again be free from supervision. There will – for the rest of his life – be checks upon his employment, where he can live, registration requirements and community notification. He is pleading that this Court impose a twenty-five year prison sanction followed by an addition fifteen years of Supervised Release. That is a total of forty (40) years of time for him to think about the offenses he committed and to take measures to modify his behavior. He will have twenty-five years of federal imprisonment to pursue sex offender education and counselling; twenty-five years of federal imprisonment to pursue mental health treatment and to learn what issues have led him to this point in his life. He will be sixty-seven years old when free from direct supervision by this Honorable Court and a very different person than the man who committed these offenses.

For each of these reasons, Mr. Reif respectfully moves this Honorable Court to impose sentence herein consistent with the agreement of the parties. Mr. Reif further maintains that the history and characteristics of this defendant warrants a sentence below the sentencing guidelines.

**<u>Conclusion</u>**

18 U.S.C. § 3553(a)(2)(A) requires the Court to consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and 18 U.S.C. § 3553(a)(2)(B) and (a)(2)(C) directs that the Court shall impose a sentence "sufficient, but not greater than necessary, to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.." Any sentence in this case will be lengthy. The minimum sentence pursuant to the plea agreement is 300 months of imprisonment – a

twenty-five year prison sentence will certainly reflect the seriousness of the offenses, promote respect for the law and punish Mr. Reif. A twenty-five year prison sentence will be a specific deterrent to Mr. Reif as it will impress upon him in no uncertain terms that criminal activity is dealt with severely. As stated previously and as the Court is aware, Mr. Reif's sentence will not end with his release from Federal prison. He will be subject to a lengthy period of supervised release. This mechanism will aid in the rehabilitation of Mr. Reif and provide additional protection for the public following the release of this defendant. He will also be immediately deported.

Similarly, the same prison sentence that provides specific deterrence to Mr. Reif, would provide general deterrence to other members of the community who may be considering engaging in similar criminal activity. It will demonstrate that an individual's exploitation of children is NEVER "ok" and that one's personal circumstances cannot justify such an act. Additionally, current empirical research on general deterrence shows that while certainty of punishment has a deterrent effect, "increases in severity of punishments do not yield significant (if any) marginal deterrent effects… Three National Academy of Science Panels, all appointed by Republican presidents, reached that conclusion, as has every major survey of the evidence." Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A Review of Research 28-29 (2006).

Finally, it is appropriate to consider the fact that Mr. Reif had never before been incarcerated. In *U.S. v. Qualls*, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005), the court found generally that a lesser prison term is sufficient to deter one who has not been subject to prior lengthy incarceration. This reasoning is reflected in the Criminal History

calculations which call for an increased sentence for those defendants that have previously served a prison sentence than those who have not.

For all these reasons, Mr. Reif maintains that a less than guideline sentence would protect the public from future crimes of this defendant and serve as a strong deterrent for any similar individual with Mr. Reif's background considering committing a similar offense.  Mr. Reif respectfully asks that this Honorable Court consider all of the foregoing prior to the imposition of sentence herein.  It is therefore requested that a sentence of three hundred (300) months imprisonment be ordered.

/s/
Andrew T. Sanderson
Ohio Supreme Court #0066327
Attorney for Rodrigo Reif

**Certificate of Service**

I hereby certify a copy of the foregoing was duly served upon the Office of the United States Attorney, 303 Marconi Blvd., Suite 200, Columbus, Ohio 43215, by electronic transmission on this 5th day of July, 2023.

/s/
Andrew T. Sanderson
Ohio Supreme Court #0066327
Attorney for Rodrigo Reif